**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

PATIENCE ASABOR,
an individual,

       Plaintiff,                                    FILE NO.: 1:20-cv-

v

MICHIGAN DEPARTMENT OF HUMAN RESOURCES,
a public body,

       Defendant.

---

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
Attorney for Plaintiff
1611 W. Centre Avenue,  Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

---

## COMPLAINT

The plaintiff Patience Asabor, by and through her attorney William F. Piper, PLC, for her complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. The plaintiff Patience Asabor is a darked-skinned woman of African descent who lived in the city and county of Kalamazoo at all times relevant to this complaint.

2. The defendant, d/b/a Kalamazoo Psychiatric Hospital, did business in the County of Kalamazoo at all times relevant to this complaint.

3. This lawsuit arises under the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

4. This lawsuit arises out the defendant's termination of Ms. Asabor's employment by it on July 31, 2019.

## COMMON ALLEGATIONS

5. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-4 of this Complaint.

6. The defendant hired the plaintiff to work for it in August 2003 as a resident care aide at its facility in the City of Kalamazoo.

7. At all times that Ms. Asabor worked for it she did a good job for it.

8. In the fall of 2015 a resident sexually assaulted Ms. Asabor by placing his hand on her buttocks.

9. Ms. Asabor reacted negatively and sternly to the resident's actions, but she didn't touch or slap him.

10. Nevertheless, because of the aforementioned incident and others in which she allegedly didn't intervene or report, the defendant placed Ms. Asabor on a last chance agreement.

11. The last chance agreement essentially indicated that Ms. Asabor couldn't have any major or minor performance issues regarding residents for a year, or she would be terminated.

12. Ms. Asabor complied with her last chance agreement, and, after a year, it no longer governed her employment.

13. In the meantime, the defendant exhibited actions revealing a preference for young employees in hiring and retention.

14. On or about May 1, 2019 Ms. Asabor, along with two other employees, were supposed to have performed welfare checks on a woman every 7-8 minutes or so.

15. Ms. Asabor, who noticed that the room that the woman was is was locked, and who had been busy, did not make the check for about a half an hour.

16. The two other employees, who are white, one of which was Tonya Macharoia, who was in her forties, and the other of which was Melissa Averill, who was also in her forties, also did not make the welfare check.

17. Ms. Averill had locked the door to the patient's room.

18. The resident was unharmed, and the violation was considered a minor policy violation.

19. An employee from the Human Resources department and an union representative told Ms. Asabor that the third degree negligence in question wasn't enough for termination.

20. Nevertheless, the defendant terminated Ms. Asabor's employment by it on July 31, 2019.

21. The defendant did not terminate the two younger white employees referenced above.

22. The defendant's termination of Ms. Asabor's employment was a pretext for race, national origin and age discrimination.

23. As a result of the discriminatory termination set forth above, Ms. Asabor has suffered and will continue to suffer a loss of income and benefits, anger, frustration, a sense of hopelessness, alienation, emotional distress, a loss of enjoyment of life and other consequential damages.

### **COUNT I- RACE AND NATIONAL ORIGIN DISCRIMINATION**

24. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-23 of this Complaint.

25. The defendant terminated Ms. Asabor's employment by it and treated her differently from and more harshly than non African and non African-American employees at least in part because of her race and national origin.

26. As a result of the discrimination set forth above, Ms. Asabor suffered and will continue to suffer the damages set forth above.

27. These claims are actionable under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

**WHEREFORE**, the plaintiff Patience Asabor requests a judgment against the defendant and would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation both for her loss of income and benefits and for her intangible damages past and future, all recoverable interest, all attorney's fee under state law, costs , and any other relief this court deems fair and just.

### COUNT II – AGE DISCRIMINATION

28. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-27 of this Complaint.

29. The defendant terminated Ms. Asabor's employment by it and treated her differently from and more harshly than substantially younger employees at least in part because of her age.

30. As a result of the discrimination set forth above, Ms. Asabor suffered and will continue to suffer the damages set forth above.

31. This claim is actionable under Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq.

WHEREFORE, the plaintiff Patience Asabor requests a judgment against the defendant and would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for both her loss of income and benefits and for her intangible damages past and future, all recoverable interest, all attorney's fee under state law, costs , and any other relief this court deems fair and just.

Dated: November 5, 2020  WILLIAM F. PIPER, PLC.
Attorney for Plaintiff


By: /s/ William F. Piper
William F. Piper (P38636)
BUSINESS ADDRESS:
1611 W. Centre Avenue, Suite 209
Portage, MI 49024
(269) 321-5008